Rollins, S.
This proceeding is brought by Donald Mackay, as one of the executors of Elizabeth R. B. King, deceased, for the removal of Phebe Fullerton, the testamentary guardian of Mrs. King’s children.
It is provided by the seventh subdivision of section 2472 of the Code of Civil Procedure that the surrogate’s authority to supersede the guardian of an infant “ must be exercised in the cases and in the manner prescribed by statute.”
In view of these restrictive provisions it is manifest that one who is a lawful incumbent of the office of guardian, either by appointment of the surrogate or by virtue of a testamentary provision, can successfully resist in this court an application for his removal, until such facts and circumstances have been established as furnish statutory warrant for his suppression (Matter of Kerrigan, 2 Civil Pro., 334; Ledwith agt. Union Trust Co., 2 Dem., 439).
The various causes which will justify the surrogate in removing a guardian appointed under title seven of the eighteenth chapter of the Code are fully set forth in the six subdivisions of section 2832. It is declared in the last of these subdivisions that a guardian of the person may be deprived of his office whenever “ the infant’s welfare will be promoted by the appointment of another guardian.”
The legislature has seen fit to restrain the surrogate’s authority as regards testamentary guardians within somewhat narrower limitations. He can only direct the removal of such a guardian upon the grounds assigned in section 2858 \ that is, “ in cases where a testamentary trustee may be removed as prescribed in title 6 of this chapter.” This is a reference to section 2817, whose second subdivision alone has any possible application to the case at bar. If, within the meaning of that subdivision, this respondent has been guilty of “ misconduct in the execution of her trust,” and has thereby become “ unfit ” to be continued in her office, she must be removed; otherwise the surrogate is powerless to displace her.
How, there are no allegations in this petition that seem to *309 me to require comment, except such as are in some way associated with the shameless behavior of the respondent’s son, Richard Butler, towards the children, whom their mother had, by testamentary direction, intrusted to the respondent’s care. I am so profoundly impressed with the truth of these revelations and with the desirability of placing these infants under new conditions, not only for preventing future mischiefs, but for effacing from their minds, if possible, the memory of indignities which they have already suffered, that if I had power under the circumstances here existing, to substitute another guardian in place of this respondent, I should not hesitate to exercise it.
But have I such power ?
It is not suggested that the respondent connived at her son’s disgraceful practices, .and it is not claimed that she ever heard of them until about the time when they came to the knowledge of the petitioner, hi or does it appear that she .knew or had reason to believe that evil consequences were likely to flow from the intimate relations that were allowed to exist between these children of a common household.
Her treatment of her son since the discoveries which gave rise to the present proceeding has furnished no just cause for criticism.
She is taken to task by petitioner’s counsel for protesting her belief in the boy’s innocence. But her credulity is perhaps not unnatural in a mother, and it does not seem to have betrayed her into any act or omission that can fairly be interpreted as “ misconduct in the execution of her trust.”
This petition must, therefore, be denied.